IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATHIS AVERY, SR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-4375** |
| | : | |
| **THOMAS MCGINLEY, THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : : : : : | |

# ORDER

**AND NOW**, this 8th day of July 2024, upon careful and independent review of Petitioner's pro se Petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), the Response (ECF No. 15), Judge Reid's exhaustive June 13, 2024 Report recommending we deny the Petition (ECF No. 18), absent an objection to Judge Reid's Report under the Notice provided (ECF No. 18-2), finding Petitioner's claims are time barred and there is no basis for equitable tolling or finding some extraordinary circumstance stood in the way of a timely habeas petition, and with no basis to order an evidentiary hearing or for a certificate of appealability, it is **ORDERED** we:

1. **APPROVE AND ADOPT** Judge Reid's extensive Report and Recommendation (ECF No. 18);

2. **DISMISS AND DENY** the Petition for writ of habeas corpus (ECF No. 1) with prejudice;

3. **DENY** a certificate of appealability;[1]

---

[1] We find no basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Avery "satisfies this standard by demonstrating that jurists of reason could

4. **FIND** no basis for an evidentiary hearing;[2] and,

5. **DIRECT** the Clerk of the Court shall **close** this case.

_____
KEARNEY, J.

---

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Avery's claims.

[2] Our scope of review under section 2254 is limited. The factual record is developed. We may not expand the state court record through an evidentiary hearing where Mr. Avery "failed to develop the factual basis of a claim in State court proceedings" unless Mr. Avery meets the stringent requirements of section 2254(e). Section 2254(e)(2) speaks in mandatory terms: we "shall not hold an evidentiary hearing unless [Mr. Avery] shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" *and* "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022). The requirements of section 2254(e)(2) also apply in the context of a hearing under *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Shinn*, 596 U.S. at 388. Mr. Avery does not meet these section 2254(e) requirements set by Congress.