IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATHIS AVERY, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-4375 |
| | : | |
| THOMAS MCGINLEY, THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : : : : : | |

# ORDER

**AND NOW**, this 16th day of July 2024, upon careful and independent review of Petitioner's pro se Petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), the Response (ECF No. 15), Judge Reid's exhaustive June 13, 2024 Report recommending we deny the Petition (ECF No. 18), Petitioner's pro se Objections to Judge Reid's Report and Recommendation (ECF No. 20), all documents in the record, finding Petitioner's claims are time barred and there is no basis for equitable tolling or finding some extraordinary circumstance stood in the way of a timely habeas petition, and with no basis to order an evidentiary hearing or for a certificate of appealability, it is **ORDERED** we:

1. **OVERRULE** Petitioner's Objections (ECF No. 20) as he never addresses the untimely Petition or offers evidence of actual innocence to meet the fundamental miscarriage of justice exception to the limitations period;[1]

2. **APPROVE AND ADOPT** Judge Reid's extensive Report and Recommendation (ECF No. 18);

3. **DISMISS AND DENY** the Petition for writ of habeas corpus (ECF No. 1) with prejudice;

4. **DENY** a certificate of appealability;[2]

5. **FIND** no basis for an evidentiary hearing;³ and,

6. **DIRECT** the Clerk of the Court shall **close** this case.

                                               KEARNEY, J.

---

¹ Judge Reid applied the Anti-Terrorism and Effective Death Penalty Act of 1996 period of limitations to Mathis Avery Sr.'s petition. ECF No. 18 at 3. Congress, through the Act, imposes a one-year period of limitations for habeas corpus petitions. *Id.*; see also 28 U.S.C. § 2244(d)(1). Judge Reid accurately identified September 19, 2012 as the date on which Mr. Avery's conviction became final. ECF No. 18 at 4. Mr. Avery filed a timely Post-Conviction Relief Act petition 159 days later, tolling the statute of limitations under 28 U.S.C. §2244(d)(2) for the duration of the post-conviction proceedings. The limitations period began running again on February 7, 2019, thirty days after the Pennsylvania Superior Court affirmed the dismissal of his Post-Conviction petition. Mr. Avery had 206 days remaining to file a habeas petition. Mr. Avery had to file his petition on or before September 1, 2019 to be timely. He did not file until over four years later on November 6, 2023.

Judge Reid appropriately found Mr. Avery did not show cause for equitable tolling. ECF No. 18 at 5; *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.2d 80, 89 (3d Cir. 2013) (quoting *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)) (explaining a limitations period is subject to equitable tolling when "principles of equity would make [its] rigid application unfair") (internal quotations omitted). Mr. Avery did not argue he pursued his rights diligently or extraordinary circumstances excuse his untimely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.") (internal quotation marks omitted). As Judge Reid explains, Mr. Avery does not state a basis for equitable tolling based on actual innocence: "Although his claims are difficult to discern, it is clear that none of them depends on the discovery of the new, reliable, evidence of innocence which would support such a claim." ECF No. 18 at 5. We agree. Mr. Avery does not address the issue of timeliness in his Objections and he fails to present new evidence to support his claim.

Judge Reid accurately described and applied the limitations bar to Mr. Avery's claims. He properly analyzed the tolling doctrines. He found Mr. Avery does not show a basis for equitable tolling. We find no error in Judge Reid's Report and Recommendation as Mr. Avery's claims are barred.

² We find no basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Avery "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

*El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Avery's claims.

[3] Our scope of review under section 2254 is limited. The factual record is developed. We may not expand the state court record through an evidentiary hearing where Mr. Avery "failed to develop the factual basis of a claim in State court proceedings" unless Mr. Avery meets the stringent requirements of section 2254(e). Section 2254(e)(2) speaks in mandatory terms: we "shall not hold an evidentiary hearing unless [Mr. Avery] shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" *and* "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022). The requirements of section 2254(e)(2) also apply in the context of a hearing under *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Shinn*, 596 U.S. at 388. Mr. Avery does not meet these section 2254(e) requirements set by Congress.